UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASLYN  COBBIN-WOOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2389 |
| | § | |
| INVESCO LTD. | § | |
| and | § | |
| INVESCO INC. | § | |
| and | § | |
| INVESCO ADVISORS, INC., | § | |
| | § | |
| Defendants. | § | |

## <u>INSTRUCTIONS TO THE JURY</u>

The following instructions were presented to the jury on the 1st day of
June, 2021.

Signed the 1st day of June, 2021.

# I.

## GENERAL INSTRUCTIONS

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of this trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.

In that regard, statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions. In the verdict form that I will explain in a moment, you will be asked to answer some questions about the factual issues in this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions. Remember, your answers and your verdict must be unanimous.

You must answer all questions from a "preponderance of the evidence". By this is meant the greater weight and degree of credible evidence. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a

preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and

reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

## TYPES OF EVIDENCE

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

I remind you that it is your job to decide whether the plaintiff has proved her case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## ARGUMENTS OF ATTORNEYS

You must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Charts and graphs may have

been used by the attorneys.   They are evidence and were used to explain the testimony of witnesses. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and answers and ruled that an expert witness would not be permitted to testify.   You must disregard these questions and answers and not speculate on what that witness might have said. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law and my rulings, you should disregard anything I may have said or done during the trial in arriving at your own findings as to the facts.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life, irrespective of position or title. In other words, a corporation is entitled to the same fair trial as an individual, The parties are equal before the law and must be

treated as equals in a court of justice. Therefore, do not let bias, prejudice, or sympathy play any part in your deliberations. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as you have sworn to do, as presented to you by the Court, and reach a just verdict regardless of the consequences.

## II.

## CONTENTIONS OF THE PARTIES

The plaintiff contends that she was wrongfully discharged on account of her race, African American. In her statement to her supervisor and later in a written complaint to the defendant, she asserted that she was treated differently than her white counterpart in assigned workloads, benefits and privileges, amenities, and the like. She contends that when these matters were brought to the attention of her supervisor, her supervisor set out to disparage her work and relationships with other employees and Human Resources. In retaliation, she was placed on a Personal Improvement Plan (a "PIP"). She further contends that her claim of racial disparity was never investigated. Finally, when she took FMLA leave and returned, her supervisor changed the PIP on two occasions in retaliation for her taking FMLA leave, all resulting in termination.

The defendant denies that the plaintiff was treated differently, terminated based on her race, and retaliated against for taking FMLA leave. The defendant contends that the plaintiff's job performance was unacceptable, that the plaintiff failed to cooperate with her supervisors and/or clients, that the plaintiff disparaged others who occupied supervisor positions, and that she failed to improve over the time allotted in the PIP. Hence, the defendant exercised its business judgment and terminated the plaintiff's employment.

## III.

## SPECIFIC INSTRUCTIONS

## – A –

This lawsuit, brought by the plaintiff, is brought pursuant to 42 U.S.C. § 2000e, commonly referred to as Title VII, and 42 U.S.C. § 1981. The federal statute prohibits discrimination by employers against employees based on race, gender, national origin, and religion. Persons in supervisory positions in a corporation are authorized to act in behalf of and bind the corporation as its agents. In this case, the plaintiff's supervisors were agents of Invesco, the defendant, and acted in behalf of Invesco.

The plaintiff claims that she was terminated and that, but for her race, she would not have been terminated because of her performance. To prove unlawful

discrimination, the plaintiff must prove by a "preponderance of the evidence"

(more likely than not) that:

> the defendant terminated her and that she would not have been
> terminated in the absence of—in other words, but for—her race.

The plaintiff does not have to prove that unlawful discrimination was the

sole basis for her termination. She must prove that the defendant's decision to

terminate her would not have occurred in the absence of such unlawful

discrimination.

In making your decision, you are not to be influenced by whether you

believe the defendant's decision was correct or fair. An employer is entitled to

make its own subjective judgments in conducting its business, and you should not

engage in second-guessing those decisions. You may not substitute your judgment

for that of the defendant, even though you may have acted differently or arrived at

a different decision. It is not your responsibility to decide whether or not the

defendant used a correct method, made a correct business decision, or even made a

fair decision. An employment decision may be unfair, yet not be evidence of

intentional discrimination under the law. You are simply to decide whether or not

the defendant violated federal law as I have explained it to you.

Therefore, if you find that the reason(s) the defendant has given for

terminating the plaintiff are unworthy of belief—a pretext—you are not required to

accept the defendant's stated basis and may infer that the defendant's actions were motived by the plaintiff's race.

– B –

The plaintiff also claims that she would not have been fired by the defendant, but for her engaging in taking leave, a form of activity protected under the federal Family and Medical Leave Act (commonly known as the FMLA). It is unlawful for an employer to retaliate against an employee for engaging in FMLA-protected activity.

FMLA-protected activity includes, but is not limited to, requesting and taking leave and, once leave is completed, seeking restoration to the position the employee held when leave began or to a position with equivalent employment benefits, such as pay, and other terms and conditions of employment.

To prevail on this claim, the plaintiff must prove by a preponderance of the evidence that:

she engaged in FMLA-protected activity;

the defendant retaliated against her and did not restore her to her former position and duties as a Media Relations Director after she took leave; and

the defendant terminated her as a Media Relations Director, and would not have done so, but for her engaging in FMLA-protected activity.

The plaintiff does not have to prove that her FMLA-protected activity is the only reason that the defendant retaliated against her by terminating her or failing to reinstitute her job responsibilities. However, she must prove that she would not have been terminated or stripped of privileges or responsibilities, in the absence of her taking FMLA leave.

If you disbelieve the reason that the defendant has given for its decision, you may, but are not required to, infer that the defendant would not have terminated or stripped the plaintiff of her privileges and responsibilities, but for her taking FMLA leave.

## – C –

## DAMAGE INSTRUCTIONS

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether the plaintiff is entitled to a verdict against the defendant with respect to her claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the plaintiff on the question of liability as to her claims, by a preponderance of evidence and in accordance with the other instructions I have given you. If you decide that the plaintiff is not entitled to prevail with respect to any of her claims, you need not proceed to the damages issues.

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses or lost wages. If the plaintiff prevails, she is entitled to compensatory damages, for, pain and suffering inconvenience, and mental anguish, if any, that she suffered because of the defendant's wrongful conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for injuries that the plaintiff has actually suffered or is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of

damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## IV.

## <u>INTERROGATORIES</u>

**INTERROGATORY NUMBER ONE**:   Has the plaintiff proved by a preponderance of the evidence that the defendant would not have terminated her but for her race?

Answer "Yes" or "No".

ANSWER:_____*N O*_____

**INTERROGATORY NUMBER TWO**:   Has the plaintiff proved by a preponderance of the evidence that the defendant would not have retaliated against her – but for – her claim of racial discrimination or use of FMLA leave?

Answer "Yes" or "No" as to each.

    a)    her claim of racial discrimination    _____*No*_____

    b)    her use of FMLA leave    _____*Yes*_____

**INTERROGATORY NUMBER THREE:**    Has the plaintiff proved by a preponderance of the evidence that the defendant failed to act in good faith with regards to her discrimination, retaliation and harassment claims before or after she returned from FMLA leave?

Answer "Yes" or "No".

ANSWER:_____Yes_____

**INTERROGATORY NUMBER FOUR:**    Did the defendant prove by a preponderance of the evidence that it made a good faith effort to prevent discrimination and retaliation under Title VII and § 1981?

Answer "Yes" or "No".

ANSWER:_____NO_____

[If you have answered "Yes" to either Interrogatory One, Two, Three or Four, proceed and answer Interrogatory Number Five.]

**INTERROGATORY NUMBER FIVE:**  What sum of money, paid now in cash, would fairly and reasonably compensate the plaintiff for the damages, if any, you have found the defendant caused the plaintiff.

Answer in dollars and cents for the following items and none other:

A.    Past pain and suffering, inconvenience, mental anguish.

$ 

B.    Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$ 

C.    Wages and benefits from October 1, 2018 to the date of trial.

$  381,500

D.    Wages and benefits that the plaintiff will likely lose, if any, in the future, going forward after trial.

$ 

[If you find that future wages are appropriate, you should state an ending date.]

Date: 6-1-2021

## PUNITIVE DAMAGES

If you find that the defendant is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that the defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct under the circumstances, manifests a complete lack of concern for the rights or safety of another. The plaintiff has the burden of proving that punitive damages should be award by clear and convincing evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish the defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you decide to award punitive damages, you must use sound reason in setting the amount. It should be presumed that the plaintiff has been made, whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

The plaintiff must prove malice by clear and convincing evidence. "Clear and convincing" evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction.

If you decide to award punitive damages, the following factors may guide you in fixing the proper amount:

1.    the reprehensibility of the defendant's conduct, including by not limited to whether there was deceit, cover-up, insult, intended to reckless injury, and whether the defendant's conduct was motivated by a desire to augment profit or punish the plaintiff;

2.    the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the plaintiff or with which the plaintiff was threatened;

3.    the possible civil sanctions for comparable conduct.

You may consider for financial resources of the defendant in fixing the amount of punitive damages.

**INTERROGATORY NUMBER SIX:**  Do you find that plaintiff Raslyn Cobbin-Wooten should be awarded punitive damages based on the defendant's reprehensible conduct, if any?

Answer "Yes" or "No".

ANSWER:__*YES*_____

[If you answer "Yes" to Interrogatory Number ~~Five~~ *Six*, then answer Interrogatory Number ~~Six~~ *Seven*.]

**INTERROGARY NUMBER SEVEN:**  What sum of money, if any, should be awarded to the plaintiff for any reprehensible conduct of the defendant that you have found, as punitive damages?

Answer in dollars and cents?

$ *618,500*_____

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have

concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and return the foregoing as our unanimous verdict to the Court.

_____
Jury Foreperson

_____6 -1- 2021____
Date