IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASLYN COBBIN-WOOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 4:19-CV-02389 |
| | § | |
| INVESCO LTD., INVESCO INC., and | § | |
| INVESCO ADVISERS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## PLAINTIFF'S RESPONSE TO ORDER DATED JUNE 30, 2021 AND REQUEST FO JUDGMENT AS A MATTER OF LAW, SANCTIONS, AND A NEW TRIAL ON DAMAGES RELATED TO DISCRIMINATION

Plaintiff Raslyn Cobbin-Wooten files this Response to the Court's Order dated June 30, 2021. [Doc. 120.].  Ms. Wooten requests Judgment as a Matter of Law on her claim for race discrimination under title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*) and 42 U.S.C. § 1981.  Ms. Wooten further requests a sanctions finding and jury instruction of discrimination and a new trial on the issue of damages for Defendants' race discrimination against her.

## I.

The subject of the Court's June 30, 2021 Order is, in part, the fact that Plaintiff raised the issue of Invesco's false statements regarding an alleged investigation, which was never conducted, prior to trial.  Invesco represented to the Court that a thorough investigation had been conducted, when in fact it had not.  Invesco made this same misrepresentation in its motion for summary judgment and its filing with the EEOC.  Invesco stated in both of those filings that it

conducted an investigation, even though the Head of its Human Resources Department, Rick Rarick, testified at trial and in deposition that he never conducted an investigation into Plaintiff's claim of racial discrimination.  The evidence at trial showed that Invesco's decision not to conduct an investigation was intentional because it "trusted it's managers"—the very individuals that were accused of discrimination by Plaintiff.  Because Invesco never investigated Plaintiff's claim of race discrimination, it could not claim at trial that no discrimination occurred, precisely because it never made a determination one way or the other.  But it made this false claim anyway, over the objection of Plaintiff.

Invesco's misconduct in providing what is essentially false testimony should be viewed in the larger context of its conduct during discovery and at trial in at least three respects.  First, as the Court is well aware, independent of this issue, the Court found that Invesco's Rarick committed perjury in his deposition when he falsely testified that he told Ms. Wooten to dismiss her EEOC claim in exchange for a year's salary.  Far from being a settlement offer[1], Rarick's statements to Wooten were an implied threat that if she talked to her attorney or did not withdraw her EEOC discrimination claim, she would be (and was) fired.  Rarick's statements were both an implied threat and retaliation against Wooten for her claim of discrimination against Invesco.

Equally as important, the Court found that Rarick, in committing perjury, _was assisted by his attorney_.  *See* Doc. 50 at _____ ( ).  This same conclusion should be applied to the issue before

---

[1] Invesco makes the after-the-fact objection that, despite the fact Rarick lied about the conversation, his statements were allegedly an offer of compromise and therefore are privileged.  Invesco omits the fact that it has repeatedly denied, independent of Rarick's testimony, that it ever made a settlement offer to Plaintiff.  During Rarick's deposition, when this topic was raised and Rarick responded to counsel's questions (albeit falsely), Invesco's attorney never objected on the grounds that the topic was privileged or protected by the rules of evidence relating to settlement offers.  Thus, Invesco waived any objection to Rarick's testimony on this issue.

the Court.  In making false filings at the summary judgment stage of this case, to the EEOC, and during trial, Invesco was actively assisted in this misconduct by its attorneys.

Second, in another instance of misconduct, this Court granted costs to Plaintiff for Invesco's discovery abuse, and specifically for Invesco's misconduct in attempting to thwart Plaintiff's right to conduct depositions in this case.  [Doc. 48.].

Finally, as this Court remembers, Invesco witnesses Jeaneen Terrio and Tara Patterson falsely testified that the person who complained to them about Plaintiff's alleged "performance" issues was Elizabeth Nelson, Invesco's Assistant General Counsel.  But, Ms. Nelson, in videotaped deposition testimony that was played to the jury, categorically stated that she never made any such complaints to Invesco's Human Resource Department about Ms. Wooten.  This leads to the conclusion that Terrio and Patterson committed perjury during trial when they testified that Nelson was the original source of complaints against Ms. Wooten.  It also leads to the further conclusion that Terrio and Patterson fabricated the story of Ms. Nelson's alleged complaints, and Ms. Wooten's alleged performance issues, as a pretext to justify firing her after Ms. Wooten complained to Invesco of race discrimination.

Invesco witness "Neely" Owens testified that she observed a "pattern" of discrimination at Invesco.  Just as in the case of Ms. Wooten, Owens told Rick Rarick she saw a pattern of discrimination and that she felt personally discriminated against, Rarick did not conduct an investigation as required by Invesco policy, and Ms. Owens was fired.

The record at trial shows that Invesco did not conduct an investigation into Ms. Wooten's race discrimination claim, therefore it has no factual basis to claim no discrimination occurred. Instead, Invesco ignored Plaintiff's verbal and written claims, and proceeded to "paper" Ms. Wooten's supervisor's pretextual claim about an alleged lack of performance – which simply is

not supported by the evidence of Ms. Wooten's exemplary work, as presented at trial.  Plaintiff agrees with the Court that her pretrial and trial objections should have resulted in this issue never being submitted to the jury except on the issue of damages.

The Court has the authority to find that Invesco committed race discrimination against Wooten as a judgment as a matter of law and as sanctions.  *See Quinn v. Sw. Wood Prods., Inc.*, 597 F.2d 1018 (5th Cir. 1979) (defendants objected, before the jury deliberated and after the close of arguments, to the special interrogatories given to the jury. The Court held those objections acted as motions for a directed verdict which could be revived after the jury verdict because defendant's objections "were stated clearly and specifically on the record before its deliberations began, and they are the same ones defendants urged in their prior motions …"); *Scottish Heritable Tr., PLC v. Peat Marwick Main & Co.*, 81 F.3d 606 (5th Cir. 1996) (requiring liberal interpretation of Rules 50(a) and (b)); *Kidwell v. Ruby*, No. 18-02052, 2020 U.S. Dist. LEXIS 203922 (E.D. La. Nov. 2, 2020) (trial court deemed admitted as sanction information and allegations related to Rule 30(b)(6) deposition).

Here, the record shows persistent and continuous misconduct and perjury by Invesco and active assistance by Invesco's attorneys in this misconduct.  Both judgment as a matter of law and sanctions for perjury are warranted, including an explicit finding that Invesco committed discrimination against Ms. Wooten.

Plaintiff moves for judgement as a matter of law on the issue of Invesco committing discrimination against her.  *See* Fed. R. Civ. P. 50(b).  Plaintiff requests a finding of sanctions against Invesco, including a finding of discrimination by Invesco and a jury instruction regarding the same.  Plaintiff finally requests a new trial on the issue of damages specific to discrimination only.  *See* Fed. R. Civ. P. 59.  Plaintiff respectfully asks for a new trial within 14 days of any order issued by the Court on this motion, or at a date and time otherwise convenient for the Court.

Respectfully submitted,

CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP

/s/ *Eric J. Cassidy*
Eric J. Cassidy
Texas Bar No. 24031807
S. D. Tex. No. 30001
2 Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
(713) 331-2456 (Direct)
(832) 331-6778 (Mobile)
(832) 390-2655 (Fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that defendants were served through the Court's ECF filing system via counsel of record on July 10, 2021.

*/s/ EJC*
Eric J. Cassidy