# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RASLYN COBBIN-WOOTEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:19-CV-02389** |
| | § | |
| **INVESCO LTD., INVESCO INC., and** | § | |
| **INVESCO ADVISORS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

### AFFIDAVIT OF BYRON C. KEELING

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, personally appeared Byron C. Keeling, who being by me duly sworn, deposed and said:

1.      My name is Byron C. Keeling.  I am over twenty-one (21) years of age, of sound mind, and am fully competent to make this affidavit.  The statements contained in this affidavit are true and correct and are within my personal knowledge.

2.      I have been retained as an expert witness on Plaintiff's recoverable attorney's fees in this matter.

3.      I received my J.D. from Baylor University School of Law in February 1990.  I briefly practiced with the Houston law firm of Fisher, Gallagher, Perrin & Lewis, L.L.P., until June 1990, when I began a two-year clerkship for the Honorable Sam D. Johnson of the United States Court of Appeals for the Fifth Circuit.  Following my clerkship, I worked for another two years as a visiting instructor at the University of Illinois College of Law, where I received an LL.M. degree in 1994.

4.      I have been in private practice in Texas since 1994.  From June 1994 to December 1999, I was an associate with the Houston law firm of Clements, O'Neill, Pierce, Nickens & Wilson, L.L.P. ("COPN&W"), a mid-sized litigation boutique of approximately twenty-five lawyers.  I was a partner at COPN&W from January 1, 2000, to December 31, 2001, when I left to join Holman, Keeling & York, P.C., a litigation and appellate firm of five lawyers.  In 2004, I formed Keeling & Downes, P.C., which is now known as Keeling & Fredrickson, P.C.

5.      I am board certified in civil appellate law.   In the course of my practice, I have become very familiar with the standards for calculating reasonable and necessary attorney's fees. I have previously testified as an expert witness on attorney's fees, I have served as counsel in trials and appeals that have raised legal issues concerning the proper calculation of reasonable and necessary attorney's fees, and I have written articles and papers addressing attorney's fees issues. A copy of my CV is attached as Exhibit A to this affidavit.

6.      My opinions are based, at least in large part, on materials that I have received and reviewed.  Those materials are as follows:

   a.      Plaintiff's Original Complaint, with exhibits;
   b.      Defendants' Answer to Plaintiff's Original Complaint;
   c.      Plaintiff's fee agreement with Gregor Cassidy;
   d.      Plaintiff's fee agreement with Curtis, Mallett-Provost, Colt & Mosle LLP;
   e.      The time records of Plaintiff's counsel in the case from August 29, 2018, to present;
   f.      The CVs of Plaintiff's counsel; and
   g.      A list of Plaintiff's expenses.

7.      I have reached the conclusion, to a reasonable degree of certainty, that Plaintiff's reasonable attorney's fees for her counsel's necessary work on Plaintiff's claim under the Family Medical Leave Act through the date of this affidavit are $284,586.00.

8.      Plaintiff alleged two counts of liability against Defendants:  (i) a claim for race discrimination under Title VII, the TCHRA, and Section 1981; and (ii) a claim for violations of the Family Medical Leave Act ("FMLA").  Although the issues under the FMLA are somewhat different from the issues under Title VII, all of Plaintiff's claims arise essentially out of the same pattern of facts and relied largely on the same documents and witnesses.  Most of the attorney time on this case has gone toward work that advances and is equally attributable to all of Plaintiff's claims.  Nonetheless, in recognition of the fact that Plaintiff's counsel incurred at least some time developing race discrimination evidence that would not have been relevant to the FMLA claim on which the Court entered judgment in Plaintiff's favor, I have as a matter of prudence applied a 20% segregation factor to Plaintiff's fees.

9.      In calculating an award of attorney's fees, the first place to begin is the lodestar: the reasonable hours that Plaintiff's counsel has spent on the case multiplied by the counsel's reasonable hourly rates.  Plaintiff's lead counsel is Eric Cassidy with Curtis, Mallet-Prevost, Colt & Mosle LLP.  Cassidy and his law firm are representing Plaintiff on a contingency basis.  For purposes of a lodestar calculation, I have nonetheless applied a reasonable hourly rate to the reasonable time that Plaintiff's counsel has spent on Plaintiff's case.

10.      Cassidy has handled most of the work on Plaintiff's claims.  He is a graduate of the University of Texas School of Law and has been licensed to practice law since 2001.  He was named as a Texas Super Lawyer in 2017, 2019, and 2020.  Most of his practice consists of handling large commercial litigation and international arbitrations.  His normal hourly rate for that work is $675.00, a rate that is customary and appropriate in Houston for an attorney with Cassidy's experience and qualifications.   Indeed, many of Cassidy's peers — other attorneys who have

fifteen to twenty years of experience — charge hourly rates in excess of $700.00. Even so, I have not used Cassidy's normal hourly rate to calculate Plaintiff's reasonable and necessary attorney's fees. Instead, I have used $500.00 an hour, which I believe to be a reasonable hourly rate in a discrimination case in federal district court in Houston for an attorney with Cassidy's qualifications and experience.

11.     Several attorneys have assisted Cassidy in representing Plaintiff and pursuing Plaintiff's claims through trial. Several associates at Cassidy's firm — including Samuel Ballard, Caroline Sabatier, Alisa Shekhtman, Jean Lambert, and Juan Perla — have assisted him on the case. The normal hourly rate that Curtis charges for those associates has ranged from $295.00 to $500.00 since 2018. For purposes of this opinion, I have used $250.00 an hour, which I believe to be a reasonable hourly rate in federal district court in Houston for attorneys with two to ten years of experience.

12.     Two attorneys with Gregor Wynne Arney PLLC assisted Cassidy at the trial and pretrial stages of the case. Tom Gregor is an experienced litigator and assisted and appeared with Cassidy at trial. I have used $500.00 an hour for his hourly rate. Nellie Hooper is board certified in employment law and assisted Cassidy in pretrial investigation and drafting of pleadings. I have used $300.00 an hour for her hourly rate. I believe that those hourly rates are reasonable in federal district court in Houston for attorneys with their degree of experience.

13.     I have reviewed the time records from Plaintiff's counsel for their work in the case. I understand that Plaintiff has produced those time records. To date, Cassidy has logged 528.47 hours of recoverable time in the case. His associates logged a total of 168.75 hours of time in the case. Tom Gregor logged 68.5 hours, and Nellie Hooper logged 50.2 hours. The work that they have described in their time records is appropriate and necessary for the nature of the claims that Plaintiff is pursuing against Defendants. Attached as Exhibit B to this affidavit is a spreadsheet showing the recoverable time from Plaintiff's counsel for their work in the case.

14.     Cassidy's time records include approximately 28 hours of time for pursuing Plaintiff's race discrimination claim in the EEOC. I have excluded that time from the 528.47 hours that I have used for Cassidy in my lodestar calculation.

15.     Under a lodestar calculation as reflected in the spreadsheet attached as Exhibit B, the total hours of necessary work by Plaintiff's counsel, multiplied by their reasonable hourly rates, yields a total of $355,732.50. After applying a 20% segregation factor, Plaintiff's reasonable and necessary attorney's fees on Plaintiff's FMLA claim are $284,586.00.

16.     As of July 1, 2021, the total hours of necessary work by Plaintiff's counsel, multiplied to their reasonable hourly rates totaled $308,770.00; and after applying a 20% segregation factor, Plaintiff's reasonable and necessary attorney's fees were $247,016.00 – an amount in line with my previous estimates of Plaintiff's reasonable and necessary attorney's fees through the date of trial. Since July 1, 2021, Plaintiff has incurred significant reasonable attorney's fees on necessary post-trial and post-judgment work.

17.     As I appreciate my obligations as an expert, a proper lodestar calculation should be tested against the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  Many of those factors are already subsumed in the lodestar.  My analysis of those factors here is as follows:

a.      *The time and labor required.*  This factor has already been subsumed in the lodestar calculation.  It requires no adjustment of the lodestar, although it is notable that the size of the lodestar is in large measure due to the defendants' own conduct in the scorched earth manner in which they chose to defend the case.  In particular, the defendants engaged in litigation behavior which required Plaintiff to file two motions for sanctions, at least two motions to compel production of documents, and a motion to compel certain depositions.  The Court granted one motion for sanctions, finding that a defense witness, with assistance from Invesco's attorneys, committed perjury.  The Court carried a ruling on the second motion for sanctions through the end of trial and recently issued an order granting that motion.  The defendants' behavior needlessly increased the cost of the litigation.  The work that Plaintiff's counsel had to do in response to the defendants' behavior was both reasonable and necessary.

b.      *The novelty and difficulty of the questions involved.*  This case does not present any particularly challenging legal issues.   Thus, this factor requires no adjustment of the lodestar.

c.      *The skill required to perform the legal services properly.*  Eric Cassidy has decades of substantial litigation experience, and his reputation is excellent.  He had the support of a capable law firm in preparing the case for trial, and he had the assistance of capable co-counsel from Gregor Wynne Arney during trial. Regardless, this factor requires no adjustment of the lodestar calculation.

d.      *The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.*  I have no reason to conclude that this case will preclude Cassidy or any of the other attorneys who worked with him on the case from accepting any other employment.  Thus, this factor requires no adjustment of the lodestar calculation.

e.      *The fees customarily charged in the locality for similar legal services.*   As previously discussed, hourly rates of $500.00 for partners and $250.00 for associates are reasonable here and consistent with the hourly rates that attorneys with comparable qualifications and experience customarily charge in Harris County for similar legal services in an employment dispute like the present matter.

f.      *The fixed or contingent nature of the fee.*  Cassidy and his firm are representing Plaintiff on a contingency basis.  That fact does not require any adjustment of the lodestar.

-4-

g.    *The amount involved and the results obtained.*  The degree of success is the most critical factor in assessing an award of attorney's fees.  The jury here awarded $381,500.00 in back pay to Plaintiff on Plaintiff's FMLA claim.   Although Plaintiff's attorney's fees are almost as large as the amount of the jury's award, that fact, while important, does not in my opinion bar Plaintiff from recovering the full lodestar amount.  The defendants here pursued a scorched earth litigation strategy in apparent hopes of making the case too expensive for Plaintiff to pursue all the way through trial.  In light of the defendants' own strategy, the defendants should reasonably have expected that a lodestar calculation of Plaintiff's attorney's fees would exceed $250,000.00.   Based on the defendants' scorched earth strategy, Plaintiff's recoverable attorney's fees of $284,586.00 are not unreasonable in securing a $380,000 jury verdict on Plaintiff's FMLA claim.  If the results obtained require any adjustment at all, Plaintiff's fees should be adjusted upward in light of the defendants' contumacious conduct.

h.    *The desirability or undesirability of the case.*  This factor is neutral.  It does not require any adjustment of the lodestar.

i.    *The nature and length of the professional relationship with the client.*  Eric Cassidy has not had a lengthy professional relationship with Plaintiff.  This factor does not require any adjustment of the lodestar.

j.    *Awards in similar cases.*  Based on my experience and my research into other published employment cases, the lodestar calculation here is consistent with the attorney's fees awards in other discrimination cases.

17.    As I understand the law, Plaintiff is entitled to recover her reasonable and necessary costs under the FMLA.  The recoverable costs are essentially the same as court costs under 28 U.S.C. § 1920. Attached as Exhibit C is a list of Plaintiff's recoverable and actually-incurred costs, which total $40,184.29.  I have reviewed those costs, and in my opinion, they were both reasonable and necessary for the specific circumstances in this case.

This affidavit states nothing further.

_____
Byron C. Keeling

SUBSCRIBED and SWORN to before me, the undersigned authority, on this the 8th day of October, 2021.

_____
Notary Public in and for the State of Texas

ANA L. FERRARO
Notary Public, State of Texas
Comm. Expires 09-18-2025
Notary ID 3781928

-5-

**Exhibit 1-A.**

# BYRON C. KEELING

4511 Yoakum Blvd., Suite 125
Houston, Texas 77006
Telephone:  (832) 214-9904
bck@keelingfredrickson.com
www.keelingfredrickson.com

## EMPLOYMENT

*Keeling & Fredrickson, P.C.* (f/k/a *Keeling & Downes, P.C.*)*,* Houston, Texas.
      Shareholder, December 2004-Present.
      Areas of practice:  Civil Litigation and Appeals.

*Holman, Keeling & York, P.C.* (f/k/a *Holman & Keeling, P.C.*), Houston, Texas.
      Member, January 2002-November 2004.

*Clements, O'Neill, Pierce, Nickens & Wilson, L.L.P.*, Houston, Texas.
      Attorney, June 1994-December 2001.
      Partner in firm from January 1, 2000, to December 31, 2001.

*University of Illinois College of Law*, Champaign, Illinois.
      Visiting Instructor, August 1992-June 1994.

*The Honorable Sam D. Johnson, United States Court of Appeals for the Fifth Circuit*, Austin, Texas.
      Law Clerk, June 1990-August 1992.

## PROFESSIONAL MEMBERSHIPS AND ACTIVITIES

Certification:     *Board Certified, Civil Appellate Law — Texas Board of Legal Specialization*

Admissions:     Texas Bar (1990);
                United States Supreme Court (2007);
                United States Court of Appeals for the Fifth Circuit (1992);
                United States District Courts:
                        S.D. Tex. (1994), N.D. Tex. (1997), E.D. Tex. (1998); W.D. Tex. (2012).

Honors:     Named in *Texas Monthly* as a *Texas Super Lawyer*® every year from 2007 to present.

Memberships:     Member of American Arbitration Association Panel of Commercial Arbitrators.
                Life Fellow, Texas Bar Foundation.

## EDUCATION

*University of Illinois College of Law***,** Champaign, Illinois.
      LL.M. (May 1994).

*Baylor University School of Law*, Waco, Texas.
      J.D. (February 1990).  *Cum Laude.*
      *Baylor Law Review* Managing Editor (Fall & Winter 1989).
      Order of Barristers.

*Baylor University*, Waco, Texas.
      B.A.: History/Law (August 1988).  *Magna Cum Laude.*
      Phi Beta Kappa.
      Baylor Ambassadors.

**PUBLICATIONS**

Byron C. Keeling, *Contra Proferentem in the Oilpatch?  The "Against the Lessee" Rule of Lease Construction*, 9 LSU J. ENERGY L. & RES. 345-85 (2021).

Byron C. Keeling, *In the New Era of Oil and Gas Royalty Accounting:  Drafting a Royalty Clause that Actually Says What the Parties Intend It to Mean*, 69 BAYLOR L. REV. 516-573 (2017).

HBA Fee Dispute Committee, *Eight Suggestions for Avoiding Fee Disputes,* 45 HOUSTON LAWYER 16-19 (2007) (credited co-author).

Byron C. Keeling & Karolyn King Gillespie, *A New Era of Royalty Accounting:  Practical Advice for the Payor,* 44 ROCKY MTN. MIN. L. FOUND. J. 15-33 (2007).

Byron C. Keeling & Karolyn King Gillespie, *A New Era of Royalty Accounting:  Practical Advice for the Payor*, 25 PETROLEUM ACC'G & FIN. MGMT. J. 19-37 (Summer 2006).

Byron C. Keeling, *A New Era in Oil and Gas Royalty Accounting*, OIL & GAS FINANCIAL J., Sept. 2005, at 20.

Byron C. Keeling & Karolyn King Gillespie, *The First Marketable Product Doctrine:  Just What is the "Product"?,* 37 ST. MARY'S L.J. 1-117 (2005).

Kelly J. Kirkland & Byron C. Keeling, *Operating in the Coastal Emergency Room*, 17 THE APPELLATE ADVOCATE 16 (State Bar Appellate Section Report 2005).

Jack O'Neill & Byron C. Keeling, *Valuation of Oil Royalties: From the Perspective of the Payor*, 47 INST. OF OIL & GAS L. & TAX. § 6 (1996).

Jack O'Neill, Hon. Harriet O'Neill & Byron C. Keeling, *Damages Update*, 14 THE ADVOCATE 362 (State Bar Litigation Section Report 1995).

Byron C. Keeling, *Toward a Balanced Approach to "Frivolous" Litigation: A Critical Review of Federal Rule 11 and State Sanctions Provisions,* 21 PEPP. L. REV. 1067-1160 (1994).

Byron C. Keeling, *A Prescription for Healing the Crisis in Professionalism: Removing the Burden of Enforcing Professional Standards of Conduct from the Courts to the Legal Profession,* 25 TEX. TECH L. REV. 31-74 (1993).

Byron C. Keeling, *Neither an Elephant Gun Nor a Cardboard Sword:  Due Process Requirements in Sanctions Litigation,* 12 REV. LITIG. 343-390 (1993).

Sam D. Johnson, Thomas M. Contois & Byron C. Keeling, *The Proposed Amendments to Rule 11:  Urgent Problems and Suggested Solutions*, 43 BAYLOR L. REV. 647-700 (1991).

Sam D. Johnson, Byron C. Keeling & Thomas M. Contois, *The Least Severe Sanction Adequate:  Reversing the Trend in Rule 11 Sanctions,* 61 MISS. L.J. 39-54 (1991) (also printed at 54 TEX. B.J. 962 (1991)).

David W. Holman & Byron C. Keeling, *Entering the Thicket?  Mandamus Review of Texas District Court Witness Disclosure Orders*, 23 ST. MARY'S L.J. 365-422 (1991).

David W. Holman & Byron C. Keeling, *Disclosure of Witnesses in Texas: The Evolution and Application of Rules 166b(5) and 215(5) of the Texas Rules of Civil Procedure*, 42 BAYLOR L. REV. 405-458 (1990).

Byron C. Keeling, *Property Taxation of Colleges and Universities: The Dilemma Posed by the Use of Facilities for Purposes Unrelated to Education*, 16 J.C. & U.L. 623-48 (1990).

Comment, *Attempting to Keep the Tablets Undisclosed: Susceptibility of Private Entities to the Texas Open Records Act*, 41 BAYLOR L. REV. 203-229 (1989).

**CLE PRESENTATIONS**

Rocky Mountain Mineral Law Institute (July 2021) — Exculpatory Clauses for Operators
Sooner Ass'n Div. Order Analysts (June 2019) — In the New Era of Oil and Gas Royalty Accounting
Nat'l Assoc. Royalty Owners-Texas (June 2012) — Current Issues in Oil and Gas Royalty Litigation
South Texas College of Law (Feb. 2007) — Proving and Collecting Attorneys' Fees in Civil Trials
University of North Texas PDI (Dec. 2005) — The First Marketable Product Doctrine:  Just What is the Product?
University of Wisconsin College of Eng'g (Nov. 2005) — Three Common Issues in Supplier Relationships
Lorman Educ. Serv. (June 2005) — Disqualification:  A Trap for the Unwary Practitioner
University of Wisconsin College of Eng'g (Nov. 2003) — Common Law Exceptions to the Duty to Warn
Lorman Educ. Serv. (June 2001) — Traps for the Unwary Practitioner: Sanctions, Contempt & Disqualification
University of Houston Law Found. (July 2000) — Punitive Damages:  Evidentiary Requirements & Proof Techniques
University of Houston Law Found. (June 1997) — Punitive Damages:  Evidentiary Requirements & Proof Techniques
University of Houston Law Found. (March 1996) — Damages:  Evidentiary Requirements & Proof Techniques

**TESTIMONY**

*Flatrolled Steel, Inc. v. Nolan Richardson et al.*, Cause No. 2014-26092, 11th Dist. Ct., Harris County, Tex.
      Fact and Expert Witness — Deposition (2016).

*St. Paul Mercury Ins. Co. v. Lewis-Quinn Construction Servs., Inc.,* Cause No. 4:10-cv-5146, S.D. Tex.
      Expert Witness — Deposition (2009).

*Fort Apache Energy v. Delta Seaboard Well Serv., Inc.*, Cause No. 2005-47221, 334th Dist. Ct., Harris County, Tex.
      Expert Witness — Trial Testimony (2008).

*JB Oilfield, LLC v. GeoSouthern Energy***,** Cause No. 09-10-10429-CV, 359th Dist. Ct., Montgomery County, Tex.
      Expert Witness — Trial Testimony (2007).

*Jenkins v. Westbrook Building Co. et al.***,** Cause No. 93-08-02215-CV, 221st Dist. Ct., Montgomery County, Tex.
      Expert Witness — Trial Testimony (1999).

**SELECTED CASES**

***Notable Fifth Circuit and Texas Supreme Court Cases:***

*Williams v. Wells Fargo Bank, N.A.,* 884 F.3d 239 (5th Cir. 2018) (co-counsel with Brad Hoover for S. Jay Williams)
      (breach of contract).

*Ortega v. Young Again Prods., Inc.*, No. 12-20592, 548 Fed. Appx. 108 (5th Cir. Nov. 27, 2013) (co-counsel with
      Thomas Freeman for Young Again Products) (sanctions).

*Hartford Fire Ins. Co. v. City of Mont Belvieu*, 611 F.3d 289 (5th Cir. 2010) (co-counsel with Jim Cupples for Hartford
      Fire Insurance Company) (surety law).

*Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673 (Tex. 2017) (co-counsel with Ross Sears for Starwood Management,
      LLC) (legal malpractice).

*Lira v. Greater Houston German Shepherd Dog Rescue, Inc.,* 488 S.W.3d 300 (Tex. 2016) (co-counsel with Zandra
      Anderson for Lydia and Alfonso Lira) (property rights).

*In re Deepwater Horizon,* 470 S.W.3d 452 (Tex. 2015) (co-counsel with Mike Maloney and Dwayne Day for Ranger
      Insurance Ltd.) (insurance coverage).

*Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194 (Tex. 2011) (co-counsel with Shannon Ratliff and Pat
      Lochridge for Exxon Corp.) (statute of limitations).

*Zinc Nacional, S.A. v. Bouché Trucking, Inc.*, 308 S.W.3d 395 (Tex. 2010) (co-counsel with Alison White Haynes,
      Milton Colia and Ken Slavin for Zinc Nacional, S.A.) (personal jurisdiction).

**SELECTED CASES**

***Notable Court of Appeals Cases:***

*Vantage Bank Texas v. Gonzalez,* No. 13-19-00265-CV, 2020 WL 1615662 (Tex. App.—Corpus Christi April 2, 2020, no pet.) (temporary injunction).

*Clean Energy v. Trillium Transp. Fuels, LLC,* No. 05-18-01228-CV, 2019 WL 3212145 (Tex. App.—Dallas July 9, 2019, no pet.) (Texas Citizens Participation Act).

*In re Marriage of Piske,* 578 S.W.3d 624 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (disqualification of arbitrator for evident partiality).

*Lyons v. Ortego,* No. 01-17-00092-CV, 2018 WL 4014218 (Tex. App.—Houston [1st Dist.] Aug. 23, 2018, pet. denied) (enforceability of earnest money contract).

*Falcon Int'l Bank v. Cantu,* No. 13-13-00577-CV, 2015 WL 1743396 (Tex. App.—Corpus Christi April 16, 2015, no pet.) (bank loan default).

*Starkey v. Graves,* 448 S.W.3d 88 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (fraud, breach of contract, and breach of the statutory duty of loyalty).

*Feldman v. KPMG LLP,* 438 S.W.3d 678 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (subject matter jurisdiction for declaratory relief).

*McGehee v. Hagan,* 367 S.W.3d 848 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (enforceability of lease agreement).

*Danish LeaseGroup, Inc. v. York Oil & Gas Mgmt., Inc.,* 362 S.W.3d 220 (Tex. App.—Dallas 2012, no pet.) (local action doctrine).

*Hartford Fire Ins. Co. v. C. Springs 300, Ltd.,* 287 S.W.3d 771 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (enforceability of surety bondability letter).

*American Fluorite, Inc. v. JB Oilfield, L.L.C.,* No. 09-08-00184-CV, 2008 WL 5740360 (Tex. App.—Beaumont March 19, 2009, pet. denied) (statute of frauds).

*DeClaire v. G&B McIntosh Family L.P.,* 260 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (parol evidence rule).

*Case Funding Network, L.P. v. Anglo-Dutch Petroleum Int'l, Inc.,* 264 S.W.3d 38 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (accord and satisfaction).

*Exito Electronics Co. v. Trejo,* 166 S.W.3d 839 (Tex. App.—Corpus Christi 2005, no pet.) (exercise of personal jurisdiction).

*Ho Wah Genting Kintron Sdn Bhd v. Leviton Mfg. Co.,* 163 S.W.3d 120 (Tex. App.—San Antonio 2005, no pet.) (exercise of personal jurisdiction).

*Hartford Cas. Ins. Co. v. State,* 159 S.W.3d 212 (Tex. App.—Austin 2005, pet. denied) (substantive and procedural due process).

*Ray Ferguson Interests, Inc. v. Harris Cty. Sports & Convention Corp.,* 169 S.W.3d 18 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (sovereign immunity).

*Swank v. Sverdlin,* 121 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (fraud, usury and breach of fiduciary duty).

*John Wood Group USA, Inc. v. ICO, Inc.,* 26 S.W.3d 12 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (enforceability of letter of intent).

**Exhibit 1-B**

## Summary

| Attorney | Hours | Billed |
|---|---|---|
| Eric Grothy | 528.47 | $264,235.00 |
| Samuel Ballard | 2.25 | $562.50 |
| Justine Sabeter | 44.75 | $11,187.50 |
| Tricia Shekhmeer | 95.5 | $28,875.00 |
| Nelle Hooper | 50.2 | $15,060.00 |
| Tom Gregor | 68.5 | $34,250.00 |
| Jean Lambert | 14 | $3,500.00 |
| Juan O. Perla | 12.25 | $3,062.50 |
| Total | 815.92 | $355,732.50 |

## Samuel Ballard - $250/hour rate

| Date | Hours |
|---|---|
| 2/2/2021 | 2.25 |
| Total Hours | 2.25 |

Total Billed $562.50

## Caroline Sabeter - $250/hour rate

| Date | Hours |
|---|---|
| 11/16/2020 | 5.20 |
| 11/17/2020 | 8.10 |
| 11/18/2020 | 9.50 |
| 11/19/2020 | 0.50 |
| 1/2/2021 | 2.25 |
| 1/2/2021 | 4.65 |
| 5/31/2021 | 10.15 |
| 4/27/2021 | 0.75 |
| 5/19/2021 | 4.4 |
| Total Hours | 44.75 |

Total Billed $11,187.50

## Alka Shekhmeer - $250/hour rate

| Date | Hours |
|---|---|
| 8/2/2020 | 0.50 |
| 8/27/2020 | 0.75 |
| 8/28/2020 | 4.50 |
| 8/31/2020 | 3.25 |
| 8/9/2020 | 0.25 |
| 9/9/2020 | 2.75 |
| 4/25/2019 | 2.50 |
| 5/28/2019 | 0.75 |
| 5/28/2019 | 2.50 |
| 6/1/2019 | 6.75 |
| 7/5/2019 | 10.50 |
| 9/30/2020 | 5.75 |
| 9/11/2020 | 1.50 |
| 10/1/2020 | 10.50 |
| 10/2/2020 | 16.50 |
| 10/20/2020 | 6.00 |
| 10/22/2020 | 12.25 |
| 10/26/2020 | 3.75 |
| 10/7/2020 | 1.50 |
| 10/7/2020 | 5.50 |
| Total Hours | 95.50 |

Total Billed $23,875.00

## Nelle Hooper - $300/hour rate

| Date | Hours |
|---|---|
| 4/1/2019 | 2.5 |
| 4/18/2019 | 2.7 |
| 4/18/2019 | 1.5 |
| 4/19/2019 | 3.5 |
| 4/25/2019 | 0.5 |
| 5/23/2019 | 0.5 |
| 5/28/2019 | 0.3 |
| 5/28/2019 | 0.75 |
| 8/20/2019 | 2.7 |
| 9/27/2019 | 1 |
| 9/27/2019 | 4.9 |
| 9/11/2019 | 0.5 |
| 10/1/2019 | 1 |
| 10/4/2019 | 1 |
| 10/7/2019 | 0.2 |
| 10/10/2019 | 0.3 |
| 10/8/2019 | 0.4 |
| 10/17/2019 | 1.2 |
| 10/17/2019 | 0.2 |
| 11/5/2019 | 1.2 |
| 10/26/2019 | 0.3 |
| 9/27/2019 | 0.4 |
| 11/12/2019 | 0.4 |
| 11/12/2019 | 0.3 |
| 11/12/2019 | 1 |
| 11/12/2019 | 1 |
| 11/18/2019 | 0.2 |
| 11/22/2019 | 0.4 |
| 11/25/2019 | 0.4 |
| 11/22/2019 | 0.4 |
| 11/27/2019 | 0.4 |
| 12/16/2019 | 0.4 |
| 12/16/2019 | 2.5 |
| 12/16/2019 | 0.4 |
| 12/23/2019 | 0.4 |
| 12/16/2019 | 0.2 |
| 1/2/2020 | 1 |
| 1/16/2020 | 0.4 |
| 2/6/2020 | 0.4 |
| 2/6/2020 | 2 |
| 2/17/2020 | 0.4 |
| 3/16/2020 | 0.4 |
| 6/9/2020 | 3.00 |
| Total Hours | 50.20 |

Total Billed $15,060.00

## Tom Gregor - $500/hour rate

| Date | Hours |
|---|---|
| 5/23/2021 | 3.40 |
| 5/24/2021 | 2.5 |
| 5/24/2021 | 4.4 |
| 5/25/2021 | 11.3 |
| 5/26/2021 | 13.4 |
| 5/27/2021 | 12.5 |
| 5/28/2021 | 8.7 |
| 5/28/2021 | 3.8 |
| 6/1/2021 | 8.5 |
| Total Hours | 68.5 |

Total Billed $34,250

## Jean Lambert - $500/hour rate

| Date | Hours |
|---|---|
| 7/9/2021 | 4 |
| 7/10/2021 | 4 |
| 7/28/2021 | 3 |
| 7/30/2021 | 3 |
| Total Hours | 14 |

Total Billed $3,500

## Juan O. Perla - $250/hour rate

| Date | Hours |
|---|---|
| 10/4/2021 | 1.25 |
| 10/5/2021 | 4 |
| 10/6/2021 | 4 |
| 10/7/2021 | 2.25 |
| 10/8/2021 | 0.75 |
| Total Hours | 12.25 |

Total Billed $3,062.50

| Date | Value |
| --- | --- |
| 7/13/2021 | 0.6 |
| 7/10/2021 | 5.6 |
| 7/9/2021 | 2.8 |
| 7/8/2021 | 2.3 |
| 7/7/2021 | 1.1 |
| 7/6/2021 | 1.3 |
| 7/2/2021 | 0.6 |
| 6/9/2021 | 2.7 |
| 6/4/2021 | 4 |
| 6/2/2021 | 1.3 |
| 5/31/2021 | 4.3 |
| 5/30/2021 | 10.3 |
| 5/29/2021 | 6.1 |
| 5/28/2021 | 11.2 |
| 5/27/2021 | 12.6 |
| 5/26/2021 | 12.4 |
| 5/25/2021 | 12.7 |
| 5/24/2021 | 6.4 |
| 5/21/2021 | 4.2 |
| 5/20/2021 | 4.4 |
| 5/19/2021 | 4.4 |
| 5/18/2021 | 6.4 |
| 5/17/2021 | 5.3 |
| 5/14/2021 | 5.1 |
| 5/13/2021 | 5.2 |
| 5/12/2021 | 5.3 |
| 5/11/2021 | 5.1 |
| 5/10/2021 | 6.1 |
| 5/7/2021 | 4.7 |
| 5/6/2021 | 6.3 |
| 5/5/2021 | 0.50 |
| 5/4/2021 | 0.60 |
| 5/3/2021 | 4.30 |
| 4/30/2021 | 6.30 |
| 4/29/2021 | 5.10 |
| 3/2/2021 | 3.50 |
| 2/3/2021 | 1.20 |
| 1/21/2021 | 4.20 |
| 1/20/2021 | 5.10 |
| 1/19/2021 | 1.40 |
| 1/8/2021 | 1.10 |
| 1/7/2021 | 0.80 |
| 1/6/2021 | 0.50 |
| 1/4/2021 | 2.10 |
| 12/31/2020 | 1.80 |
| 11/09/2020 | 3.20 |
| 10/07/2020 | 6.00 |
| 09/30/2020 | 6.40 |
| 09/29/2020 | 6.40 |
| 09/28/2020 | 5.40 |
| 09/26/2020 | 1.20 |
| 09/25/2020 | 4.70 |
| 09/18/2020 | 6.70 |
| 09/16/2020 | 5.30 |
| 09/10/2020 | 1.40 |
| 09/09/2020 | 3.70 |
| 09/08/2020 | 3.60 |
| 09/04/2020 | 4.30 |
| 09/03/2020 | 1.20 |
| 09/02/2020 | 2.20 |
| 09/01/2020 | 7.30 |
| 08/31/2020 | 6.50 |
| 08/30/2020 | 1.20 |
| 08/28/2020 | 6.50 |
| 08/18/2020 | 7.30 |
| 08/17/2020 | 1.20 |
| 08/04/2020 | 2.40 |
| 08/03/2020 | 4.50 |
| 08/02/2020 | 5.60 |
| 08/01/2020 | 2.30 |
| 07/13/2020 | 2.30 |

| Date | Total Hours |
|---|---|
| 7/13/2021 | 0.4 |
| 7/14/2021 | 1.2 |
| 7/15/2021 | 1.3 |
| 7/19/2021 | 1.1 |
| 7/20/2021 | 1.7 |
| 7/21/2021 | 0.5 |
| 7/26/2021 | 1.3 |
| 7/28/2021 | 1.2 |
| 7/29/2021 | 3.9 |
| 7/30/2021 | 3.8 |
| 8/5/2021 | 4.4 |
| 8/6/2021 | 0.4 |
| 8/9/2021 | 4 |
| 8/11/2021 | 2.3 |
| 8/12/2021 | 1.1 |
| 8/16/2021 | 1.2 |
| 8/23/2021 | 3.2 |
| 8/24/2021 | 2.7 |
| 8/26/2021 | 2.3 |
| 8/27/2021 | 3.2 |
| 8/30/2021 | 3.4 |
| 9/9/2021 | 2.8 |
| 9/20/2021 | 3.5 |
| 9/21/2021 | 3.8 |
| 10/8/2021 | |
| **Total Billed** | $364,285 |
| **Total Hours** | 528.47 |

**Exhibit 1-C**

| Work Date | Cost Type | WIP Amount | Narrative | Proforma |
|---|---|---|---|---|
| 7/3/2019 | Filing fee | 400 | Filing fee for Plaintiff's Original Complaint | |
| 7/27/2020 | Printing/Duplicating-Outside | 1,479.58 | AMERICAN EXPRESS - American Express : Gateway Printing | |
| 9/11/2020 | Deposition Reporting/Transcripts | 1,694.57 | VERITEXT - Deposition Reporting/Transcripts Veritext - Wooten : Transcript services, exhibit management, delivery and handling | |
| 9/11/2020 | Deposition Reporting/Transcripts | 2,454.27 | VERITEXT - Deposition Reporting/Transcripts Veritext - Wooten : certified transcript, attendance, Litigation package-Secure file suite, productions and processing, electronic delivery | |
| 9/10/2020 | Deposition Reporting/Transcripts | 827.91 | VERITEXT - Veritext Legal Solutions : Original with 1 Certified Transcript Job Date: 8/31/2020 | |
| 9/4/2020 | Deposition Reporting/Transcripts | 3,016.71 | VERITEXT - Veritext - Wooten : Video, initial services, additional hours, media and cloud services, digitizing and transcript synchronization | |
| 9/17/2020 | Deposition Reporting/Transcripts | 661.86 | VERITEXT - Veritext - Wooten : veritext virtual primary participants, exhibit share | |
| 9/17/2020 | Deposition Reporting/Transcripts | 5,099.46 | VERITEXT - Veritext - Wooten : certified transcript, expedited, attendance, veritext virtual primary participants, Litigation package-Secure file suite, productions and processing, exhibit share, electronic delivery and handling | |
| 9/17/2020 | Deposition Reporting/Transcripts | 1,128.68 | VERITEXT - Veritext Legal Solutions : Original with 1 Certified Transcript Veritext Virtual Primary Participants Job Date: 9/9/2020 | |
| 9/17/2020 | Deposition Reporting/Transcripts | 3,064.27 | VERITEXT - Veritext Legal Solutions : Original with 1 Certified Transcript Job Date:9/4/2020 | |
| 9/22/2020 | Deposition Reporting/Transcripts | 3,875.07 | VERITEXT - Veritext - Video, Initial services, additional hours, extended hours, exhibits - linked (LEF, PTZ, XMEF, SBF), media and cloud services, electronic access, digitizing & transcript synchronization | |
| 9/30/2020 | Deposition Reporting/Transcripts | 1,713.54 | VERITEXT - Veritext Legal Solutions : Original with 1 Certified Transcript Veritext Virtual Primary Participants Job Date: 9/15/2020 | |
| 10/12/2020 | Deposition Reporting/Transcripts | 461.00 | VERITEXT - Veritext Legal Solutions : Remote proceeding - deposition | |
| 10/13/2020 | Deposition Reporting/Transcripts | 726.00 | VERITEXT - Veritext Legal Solutions : Remote proceeding - deposition | |
| 10/20/2020 | Deposition Reporting/Transcripts | 1,779.88 | VERITEXT - Veritext Legal Solutions : Video - Electronic Access, Initial Services, Additional Hours, Media and Cloud Services, Digitizing & Transcript Synchronization. Job Date: 9/4/2020 | |
| 10/30/2020 | Deposition Reporting/Transcripts | 748.11 | VERITEXT - Veritext Legal Solutions : Video - Electronic Access, Initial Services, Additional Hours, Media and Cloud Services, Digitizing & Transcript Synchronization. Job Date: 9/11/2020 | |
| 11/16/2020 | Deposition Reporting/Transcripts | 726.00 | VERITEXT - Veritext Legal Solutions : Digitizing & Transcript Synchronization | |
| 11/16/2020 | Deposition Reporting/Transcripts | 764.90 | VERITEXT - Veritext - Video, Initial services, additional hours, MPEG-Digitizing, media and cloud services, electronic access | |
| 11/11/2020 | Deposition Reporting/Transcripts | 1,783.75 | VERITEXT - Veritext Legal Solutions : Remote proceeding - deposition | |
| 2/11/2020 | Deposition Reporting/Transcripts | 1,040.00 | VERITEXT - Veritext Legal Solutions : Remote proceeding - deposition | |
| 2/23/2020 | Deposition Reporting/Transcripts | 1,703.33 | VERITEXT - Veritext - Wooten : Certified Transcript Veritext Virtual Primary Participants | |
| 2/28/2020 | Deposition Reporting/Transcripts | 1,169.56 | VERITEXT - Veritext - Wooten : Video, Initial services, media and cloud services, electronic access, digitizing & transcript synchronization | |
| 1/22/2021 | Deposition Reporting/Transcripts | 50.00 | VERITEXT - Veritext Legal Solutions : Video - Electronic Access Job Date 8/31/2020 | |
| 1/22/2021 | Deposition Reporting/Transcripts | 120.00 | VERITEXT - Deposition Reporting/Transcripts Veritext Legal Solutions : Video - Digitizing & Transcript Synchronization, Video - electronic Access Job Date 9/9/2020 | |
| 1/22/2021 | Miscellaneous Disbursements | 190.00 | VERITEXT - Veritext Legal Solutions : Video - Digitizing & Transcript Synchronization, Video - electronic Access, Transcript Synchronization - Expedited Production Job Date 9/15/2020 | 385060 |
| 1/22/2021 | Deposition Reporting/Transcripts | 50.00 | VERITEXT - Veritext Legal Solutions : Video - Electronic Access Job Date:9/4/2020 | 385060 |
| 1/13/2021 | Deposition Reporting/Transcripts | 50.00 | VERITEXT - Veritext Legal Solutions : Video - Electronic Access Job Date: 9/1/2020 | 385060 |
| 4/10/2021 | Miscellaneous Disbursements | 3,412.04 | CORNERSTONE DOCUMENTS - Cornerstone Invoice : Transcripts | 385060 |
| 5/17/2021 | Printing | 8.70 | Printing - Count: 127 | 385060 |
| 5/18/2021 | Printing | 15.10 | Printing - Count: 191 | 385060 |
| | Total | 40184.29 | | |