United States District Court
Southern District of Texas
**ENTERED**
November 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RASLYN COBBIN-WOOTEN, § § Plaintiff, § VS. § § INVESCO LTD. § and § INVESCO INC. § and § INVESCO ADVISORS, INC., § § Defendants. § | CIVIL ACTION NO. 4:19-CV-2389 |

## **ORDER ON ATTORNEY'S FEES**

Before the Court is the plaintiff first Amended motion for attorney's fees and costs, pursuant to the FMLA, 29 U.S.C. § 2617(a)(3) [DE 136]. Also, before the Court are the defendant's response to the plaintiff's motion [DE 137], and the defendant's motion to conform, vacate, renewed motion for JML or for new trial [DE 134]. In opposition to the defendant's renewed motions is the plaintiff's response [DE 138].[1] After a careful review of the motions and responses, the Court determines that the motion for attorney's fees should be granted and the defendant's motion should be denied.

---

[1] The Court is not inclined to review issues previously addressed by the Court in its Memorandum and Order [DE ____]. The defendant waived arguments that it now raises and even opposed the plaintiff's motion for a new trial. The competing motion and response are denied.

1 / 5

An award of an attorney's fee to a prevailing plaintiff is permitting and mandated by statute. Title 29 U.S.C. § 2617(a)(3). Any award of an attorney's fee is governed by the lodestar method. *See, e.g., Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir. 2006)[The case law actually addresses the award of fees and costs in a FLSA case. The Court has no reason to believe that a different analysis is appropriate in an FMLA case].

Under the lodestar method, a court determines the reasonable number of hours expended for litigation of the case and, thereafter, determine the reasonable hourly rate for each attorney involved in the case. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). An attorney fee is determined by multiplying the reasonable hour determined by the reasonable hourly rate(s). *Id*. A court may adjust the lodestar upward or downward based on the court's analysis of the enumerated factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

A court looks to the documentation provided by the requesting attorney(s), review any challenge presented by opposing counsel in determining the hours and, based on like or similar cases, in particular, the challenges in the case before the Court, arrive at a reasonable number of hours. *Saizan*, 448 F.3d at 799. A reasonable hourly rate is determined by looking to the prevailing market rate in the

community where the court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

In the case at bar, a reasonable attorney's fee was determined by estimating the time needed to receive the case with interviews, prepare pleadings, conduct appropriate discovery, file discovery motions, respond to opposing motions, prepare for depositions, conduct depositions, engage in settlement discussion with opposing counsel and with client, prepare for trial, participate in trial and prepare post-trial motions and responses. The Court then reviewing the timesheets presented, the expert opinion provided [DE 136] and based on these factors and over 30 years of handling cases of a lesser, equal and greater degree of complexity, determines that 625 hours of attorney's time was reasonable.

The Court is mindful of the fact that counsel for the defense and the defendant engaged in unnecessary and improper conduct during the discovery process. These tactics increased the time and costs necessary to resolve those disputes. While the case is not novel, requiring any adjustments on that account, it did require an experienced attorney with capable skills and a team to assist prior to and during trial.

Customarily, attorneys with the skills of the plaintiff's counsel are able to bill at a rate north of $500 per hour. However, the rate in Harris County and in federal court for an attorney with counsel's skills commands a reasonable fee of

$450 per hour. That rate increases to $600 per hour for time in trial because counsel is away from his office. In this regard, the Court determines that 60 hours was expended in the courtroom in trial and 465 hours was expended pre- and post-trial by lead counsel and that 100 hours was spent by associate counsel at the rate of $350 per hour.

Counsel for the plaintiff was successful in meeting the defendant's opposition and received a reasonable recovery for the plaintiff. Although it may be argued that the plaintiff was not successful on all of her claims, that argument overlooks the fact that the plaintiff would have been entitled to a single recovery. Therefore, the outcome is the same and the evidence for either claim was the same.

These type cases are not the most desirable cases, yet they are the type of cases that federal law holds dear under our federal Constitution and Bill of Rights. Often, these cases are taken on a contingency basis because attorneys are often unable to recover the time and fees expended unless they successfully litigate the cases. In fact, this case was accepted by counsel on a contingency fee basis. A recovery of an attorney's fee means the plaintiff's recovery is essentially undisturbed.

The Court is of the opinion that a reasonable fee of $45,250 is appropriate for lead counsel based on his role as lead attorney and the hours expended. The Court awards a fee of $350 per hour for the hours expended by members of lead

counsel's team for a total of $35,000. These fees are reasonable and necessary for this case, they are consistent with fees under the lodestar calculations and no adjustment by the Court is necessary. Pursuant to 28 U.S.C. § 1920, the Court awards costs of $35,208.

It is so Ordered.

SIGNED on this 10th day of November, 2021.

_____
Kenneth M. Hoyt
United States District Judge